June 29, 1972

No. 72–19 Kenneth M. Lambertson, CPL, U. S. Marine Corps v CAPT John J. Mulholland, USMC, Commanding Officer, Marine Barracks, Naval Air Station, Patuxent River, Maryland.

In his Petition for Extraordinary Relief, petitioner avers that his enlistment in the Marine Corps was to expire on April 29, 1972. However, on April 21, 1972, a Charge alleging 12 violations of Article 134, Uniform Code of Military Justice,[1] was preferred against him. He contends that his commanding officer, the respondent, had no intention of referring the Charge for trial by court-martial. Rather, he used the Charge to extend petitioner's enlistment, and thereby effect his discharge through administrative procedures.[2] He argues that an enlistment may not be extended for the purpose of convening an administrative discharge board, nor may the procedures established by the Uniform Code and the Manual for Courts-Martial be resorted to for an impermissible purpose. Petitioner therefore seeks to enjoin further proceedings designed to effect his administrative separation from the service, and to have the Charge against him dismissed.

Upon receipt of the said Petition, we directed suspension of all proceedings of the Administrative Discharge Board appointed to consider petitioner's retention, and ordered the respondent to show cause why the relief sought should not be granted.

Appellate Government Counsel have filed a Reply to our Order and have submitted a Motion to Vacate the Temporary Injunction above-mentioned. Attached to the Reply is an affidavit of the respondent. In it he denies employing the provisions of Paragraph 11(d) of the Manual, supra, for improper purposes. The full extent of his statement need not be summarized. It appears that the respondent has referred the Charge against petitioner to a special court-martial for trial, and, upon approval of this Court he proposes to dissolve the Administrative Discharge Board.

---

[1] 10 USC § 934.

[2] Paragraph 11(d), Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

"d. EFFECT OF TERMINATION OF TERM OF SERVICE. Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual before his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held after his period of service would otherwise have expired. Similarly, if jurisdiction has attached by the commencement of action before the effective terminal date of self-executing orders, a person may be held for trial by court-martial beyond that terminal date. See also Article 2(1)."

Since these actions moot all questions raised with respect to the jurisdiction of this Court over administrative proceedings undertaken in the circumstances of this case, we need not pass upon them. Neither do we pass upon petitioner's prayer for relief in the form of dismissal of the Charge against him. That covers matters more appropriately presented to the military judge of the special court-martial to which the Charge has been referred. Hallinan v Lamont, 18 USCMA 652 (1968).

In view of the foregoing, so much of the order of June 9, 1972 as directs suspension of all proceedings by the Administrative Discharge Board, is vacated. The Petition for Extraordinary Relief is dismissed as moot.